## J. W. FISHER *v.* ROBERT GEDDES et al.

Where it is the custom of common carriers to allow the baggage of passengers to be taken in charge by servants in their employ, to be delivered by them at a certain place and in a certain manner, they will be liable for the loss of baggage arising from the neglect of their employees to make the delivery according to custom.

APPEAL from the Fourth District Court of New Orleans, *Price*, J.

*Semmes & Labatt*, for plaintiff and appellant. *Clarke & Bayne*, for defendants.

LAND, J. The defendants are sued as common carriers, for the value of a trunk and its contents, alleged to have been lost on a trip of the steamer California from Mobile to New Orleans. The value is alleged to have been $386 80.

The evidence satisfies us, that the plaintiff and his family came as passengers from Mobile to New Orleans, and that the trunk in question, was delivered to defendants, on board their boat, at the former place. It also satisfies us, that the servants in the employment of the owners of the boat, were in the habit of receiving the baggage of passengers at Mobile, and of delivering the same, after the arrival of the boat, on the cars of the Ponchartrain Railroad, by obtaining checks from the baggage master, and handing the same to the passengers. And it further satisfies us, that the plaintiff's trunk was not delivered to him with his other baggage on the railroad cars, after the arrival of the boat.

The number of checks which the plaintiff had for his baggage, corresponded with the number of his trunks or packages—but *one* of the checks *called for a trunk which did not belong to the plaintiff*. We think the defendants are bound by the habit, or custom which they permit on their boat, of allowing their servants to receive the baggage of passengers, at Mobile, and to deliver the same at the lake terminus, on the railroad cars, and are consequently liable for the fault or negligence of their servants, in making a delivery of the baggage in pursuance of the custom.

There is nothing to show that the mode of delivery was departed from in respect to the plaintiff's baggage, and the only conclusion upon the facts of the case is, that the plaintiff's trunk was either lost on the trip of the steamer before her arrival, or afterwards, through the negligence of the servants of the defendants, in checking the same on the railroad cars. In either event, the liability of the defendants to the plaintiff attached. C. C., Arts. 2725, 2299.

The evidence, however, as to the contents of the trunk, is insufficient to authorize a judgment for the amount claimed. In cases of this kind, *weak evidence* will entitle a plaintiff to recover, when no shade of suspicion is cast upon his demand, for the reason, that proof in such cases is extremely difficult to be obtained, but some evidence is necessary on which to found a judgment, beyond the mere claim of the party. The plaintiff has sought to prove the contents of the trunk by a witness; and in giving to the evidence the greatest weight to which it is entitled, even in a case of this kind, it does not show that the value of the trunk and its contents exceed the sum of $180.

It is, therefore, ordered, adjudged and decreed, that the judgment be reversed; and it is now ordered, adjudged and decreed, that the plaintiff do have and recover of the defendants *in solido*, the sum of one hundred and eighty dollars, with interest at the rate of five per cent. per annum from judicial demand, with costs in both courts.