Buffalo, New York and Philadelphia Railroad
Company *versus* Harvey et al.
Same *versus* Craig.
Same *versus* McKibben.

1. A., a railroad company, executed a mortgage, which was the first lien, upon its property and franchises. Subsequently it entered upon and appropriated B.'s land without paying him therefor or giving him security for such compensation. B. recovered a judgment for damages against the railroad company, which the company failed to satisfy. The company became insolvent, its property and franchises were sold by the Receiver under a decree of foreclosure on said first mortgage to C., who subsequently conveyed his purchase to D., also a railroad corporation. In an action of scire facias by B. against A., with notice to C. and D.,

*Held*, that B.'s interest in the land so taken being an estate and not a lien, it was not divested by the judicial sale under the first mortgage; that therefore B. was entitled to recover from D. the amount of his judgment, which was the price of his land.

2. Western Pennsylvania Railroad Company *v.* Johnston, 9 P. F. S. 290, followed; Fries *v.* R. R. Co., 4 Norris 73, distinguished.

October 13th, 1884.   Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.   PAXSON, J., absent.

ERROR to the Court of Common Pleas of *Lawrence county :* Of October and November Term, 1884, Nos. 50, 51 and 52 respectively.

These three cases were argued together. The facts and the questions involved therein are substantially the same. The cases were, in the court below, three separate writs of scire facias to revive judgments brought respectively by Harvey et al., to use, James M. Craig and Robert McKibben against the New Castle and Franklin Railroad Company, with notice to the Oil City and Chicago Railroad Company, and the Buffalo, New York and Philadelphia Railroad Company.

The facts were as follows : The New Castle and Franklin Railroad Company was organized under the Acts of March 25th, 1864, and April 8th, 1864 (P. L. 96 and 326), with the powers and subject to the provisions of the General Railroad Act of 1849. The said railroad company was empowered by these Acts to mortgage its property to the amount of $1,000,000, and in February, 1873, it executed a mortgage upon its property and franchises to the amount of $800,000 to Alexander Bradley, as trustee for the holders of the company's bonds, which mortgage was duly filed of record, and was the first lien against the property of the company. While constructing its track in 1872-3, it entered upon and appropriated

the lands of the respective plaintiffs without paying them therefor or giving any security for such compensation either before or subsequent to the said appropriation. Craig and Harvey et al., and, in the McKibben case, the railroad company thereupon petitioned the Court of Common Pleas of Lawrence county for the appointment of viewers to assess damages. Viewers were separately appointed in each case, and awards were subsequently entered by them in favor of the land-owners. The railroad company having appealed from these awards, each cause was separately put at issue in the form of an action of trespass quare clausum fregit, and a verdict having been rendered in each case in favor of the landowners, the respective plaintiffs therein, the court, in December, 1875, entered judgments thereon in their favor.

In 1879–80, the New Castle and Franklin Railroad Company became insolvent and a Receiver was appointed therefor; in 1881, Alexander Bradley, as trustee for the company's bondholders, brought a bill in equity in the Court of Common Pleas of Lawrence county to foreclose the said first mortgage. By agreement of the said mortgagee and certain other judgment creditors of the company, a decree was entered; whereby the Receiver was ordered to sell the property and franchises of the road for the benefit of its creditors. The Receiver, in accordance with this order, sold the property and franchises of the road to Thomas P. Simpson, who in turn sold his purchase to the New Castle and Oil City Railroad Company. This company was subsequently merged into the Oil City and Chicago Railroad Company, which was merged in turn into the Buffalo, Philadelphia and New York Railroad Company, the present defendant.

The judgments for land damages having remained unsatisfied, the plaintiffs therein, in 1879, issued writs of scire facias to revive the lien thereof, upon each of which judgment was duly entered. In 1883, the present writs of scire facias to revive were brought by the respective plaintiffs in the judgments against the New Castle and Franklin Railroad Company, with notice to the Oil City and Chicago Railroad Company and the Buffalo, Philadelphia and New York Railroad Company, and judgment was claimed against the company last named for the amount of plaintiff's judgment against the New Castle and Franklin Railroad Company. The Buffalo, New York and Philadelphia Railroad Company filed an affidavit of defence, which alleged that the New Castle and Franklin Railroad Company entered into possession of the property for which the judgment for damages was given with the knowledge and consent of the plaintiffs, and that by the judicial sale on the mortgage and judgments under which

[Railroad Co. *v.* Harvey.]

it held title, all claims whatsoever, including the judgments in question, were divested of lien or incumbrance against the property in its hands. A rule was granted to show cause why judgment should not be entered against the Buffalo, New York and Philadelphia Railroad Company in default of a sufficient affidavit of defence, and after argument the rule was made absolute, and judgments entered accordingly, the court holding that the pending cases were ruled in the plaintiff's favor by the case of West. Penn. R. R. Co. *v.* Johnston, 9 P. F. S. 290.

The defendant thereupon took these writs of error, assigning as error the action of the court in entering the said judgments.

*Hancock* (with him *Glenn*), for the plaintiff in error.—The judgments held by the plaintiffs were mere personal judgments, and have no different force or effect than other merely personal judgments : Schuylkill Nav. Co. *v.* Decker, 2 Watts 343; Zimmermann *v.* Canal Co., 1 W. & S. 346; Neal *v.* R. R. Co., 7 Casey 19; Lawrence's Appeal, 28 P. F. S. 369; Shepard *v.* Com'th, 3 Pa. R. 509; Pomeroy *v.* R. R. Co., 25 Wis., 641. As they therefore possessed merely the ordinary incidents of judgments, they were discharged by a judicial sale under a first lien mortgage: Presbyterian Corp. *v.* Wallace, 3 Rawle 109; Willard *v.* Morris, 1 P. & W. 480; Stewartson *v.* Watts, 8 Watts 392; Miller *v.* Musselman, 6 Whart. 354; and this principle has been held to apply to the extinguishment of judgments against railroad companies for right of way damages: Fries *v.* R. R. Co., 4 Norris 73. The case relied upon by the learned judge below (West Penna. R. R. Co. *v.* Johnston), is distinguishable from this case. There, the Act by which the purchasing company under the judicial sale was authorized to take title especially provided "that all unpaid land damages . . . . . shall remain forever, until paid, a lien upon said road." So much of the decision in that case as is not based upon the special provisions of the Act referred to, has, we submit, been overruled by the cases of Fries *v.* R. R. Co., and Lawrence's Appeal, cited above.

*S. W. Dana* and *McMichael* (with them *Treadwell* and *McConnell*), for the defendants in error.—The nature of the interest or title acquired by the railroad company, in the land in question, is not such as to be the subject of a lien of a judgment. It is an easement merely upon the land, a right of way or passage, with such an occupancy as is necessary to give this right its effect: West. Penn. R. R. Co. *v.* Johnston, 9 P. F. S. 294; Lances' Appeal, 5 P. F. S. 26; Spear *v.* Allison, 8 Harris 204; Shamokin Valley R. R. Co. *v.* Livermore, 11

11 OUTERBRIDGE.—21

Wright 468; Haldeman *v.* Penn. R. R. Co., 14 Wright 436; Mayor of Allegheny *v.* O. & P. R. R., 2 Casey 360.

This being the nature of the lien or interest acquired by a railroad company, in the land appropriated for the use of its railroad, it is a settled principle in our law that this interest is not the subject of a lien, or a sale under execution: West. Penn. R. R. Co. *v.* Johnston, 9 P. F. S. 294; Ammant *v.* Turnpike Co., 13 S. & R. 210; Ridge Turnpike Co. *v.* Stœver; 2 W. & S. 548; Leedom *v.* Plymouth R. R. Co., 5 W. & S. 265; Susquehanna Canal Co. *v.* Bonham, 9 W. & S. 27; Spear *v.* Allison, 8 Harris 200; Plymouth R. R. Co. *v.* Colwell, 3 Wright 339; Steiner's Appeal, 3 Casey 315.

It follows from this that the mortgage was no lien and could not sell the right of way over the land in question. A fortiori, it follows that the claim for damages of the plaintiffs below could not be divested by the sale on the mortgage, or by any adversary proceedings, for it rests not only on the constitution, but the law itself, which provides that no entry or possession should be had until compensation is made or security given: West. Penn. R. R. Co. *v.* Johnston, 9 P. F. S. 294; McClinton *v.* R. R. Co., 16 P. F. S. 408; Lycoming Gas and Water Co. *v.* Moyer, 3 Out. 619; Appeal of Wheeling, Pittsburgh & Baltimore R. R. Co., 1 Pennypacker 363. This claim for damages can be extinguished only by payment, release or limitation: West. Penn. R. R. Co. *v.* Johnston, 9 P. F. S. 295.

But further the plaintiffs below, who have never parted with their rights, stand on the higher fundamental right of property; that it shall be taken and used by no one for the public purpose of a railroad, without just compensation being made to him: West. Penn. R. R. Co. *v.* Johnston, 9 P. F. S. 296; Monongahela Nav. Co. *v.* Coons, 6 W. & S. 114; Yost's Report, 5 Harris 524; Borough of Harrisburgh *v.* Crangle, 3 W. & S. 460; McClinton *v.* R. R Co., 16 P. F. S. 404; Lycoming Gas and Water Co. *v.* Moyer, 3 Out. 619. If, therefore, the original company has so managed as to escape payment therefor, its successor, mediate or immediate, must pay the price of it, if it would enjoy the uncompensated right.

In Fries *v.* R. R. Co., cited and relied upon by the plaintiff in error, a bond was given before the appropriation of the land. It is therefore distinguishable from this case and from that which rules the pending controversy, viz: West. Penn. R. R. Co. *v.* Johnson, 9 P. F. S. 296.

Chief Justice MERCUR delivered the opinion of the court, November 3d, 1884.

These three cases were argued together. They present substantially the same questions. That is, whether the plaintiff

[Railroad Co. *v.* Harvey.]

in error holds the lands taken and occupied by it, discharged from the lien of the judgments obtained by the land owners as damages for the right of way. Article XVI. § 8, of the Constitution, declares "municipal and other corporations and individuals, invested with the privilege of taking private property for public use, shall make just compensation for property taken, injured or destroyed by the construction or enlargement of their works, highways or improvements, which compensation shall be paid or secured before such taking, injury or destruction."

The ascertainment of the amount of damages sustained, and the entry of judgment therefor, under the statute, is not the payment of a just compensation.

The corporation gave no bond or security for the damages before taking possession of the property. The amount of the damages is the price of the purchase of the privilege of using the land by the corporation. This sum inheres in the land. Until paid or secured, the owner of the land stands on the impregnable language of the Constitution that his private property shall not be taken. It follows that, although the rights of the corporation which took possession of the land may be transferred to another, yet they pass subject to the paramount constitutional right of the owner of the legal estate in the land. A judicial sale made on another lien does not divest the title which he has in and to the land. It extinguishes liens but not estates: Western Penna. R. R. Co. *v.* Johnston, 9 P. F. S. 290; Gilmore et ux. *v.* Pittsburgh, Virginia and Charleston R. R. Co., 8 Out. 275; Philadelphia, Newtown & N. Y. R. R. Co. *v.* Cooper, 9 Id. 239. In Fries *v.* Southern Penn. R. R. Co., 4 Norris 73, a bond was given and duly approved by the court. Thus the alternative security recognized by the Constitution as sufficient to authorize a taking had been given. In the present case no bond had been approved, no security had been given and no compensation had been paid.

The specifications of error are not sustained.

　　　　　　　　　　Judgment in each case affirmed.