# Brown v. Winelander, Appellant.

*Negligence—Automobile—Collision—Case for jury.*

In an action to recover damages for injuries sustained in a collision of two automobiles, the case is for the jury and a verdict for the plaintiff will be sustained, where the evidence tends to prove that the cause of the accident was that the defendant was not driving on the proper side of the road, and did not give room for an approaching car to pass.

*Practice, municipal court—Plaintiff's statement — Averments not denied.*

Under the act creating the municipal court all facts which the defendant does not deny or aver himself to be ignorant of, and demand proof, shall be deemed to be admitted. The statement that the defendant's automobile was being driven by his employee and agent is more than a mere averment that the driver was in the

employ of the defendant, and, in the absence of any denial by the defendant, it was, under the rules of practice of the municipal court, sufficient to establish the agency of the chauffeur.

*Practice, C. P. — Statement of claim — Ad damnum clause— Amendment after verdict.*

The ad damnum clause in the plaintiff's statement may be amended at any time before final judgment in the discretion of the court.

Argued October 14, 1919. Appeals, Nos. 215 and 216, October T., 1919, by defendant, from judgment of Municipal Court of Philadelphia, January T., 1919, Nos. 564 and 565, on verdict for plaintiff in case of George B. Harris et al., and Reynolds D. Brown et al. v. Max Winelander. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before KNOWLES, J.

The facts appear in the opinion of the Superior Court.

Verdict for plaintiff, George B. Harris, for $227.50; Marianne F. Harris for $300; Reynolds D. Brown for $347.80, and Delia B. Brown for $800, and judgment thereon. Defendant appealed.

*Errors assigned* were refusal to give binding instructions in favor of the defendant, and in allowing an amendment to plaintiff's statement.

*Alfred D. Wiler,* for appellant.—There was no testimony that proved that the car belonged to the defendant and he was entitled to binding instructions in his favor: Scheel v. Shaw, 252 Pa. 451; Solomon v. Commonwealth Trust Co., 256 Pa. 55; Dunmore v. Padden, 262 Pa. 436; Kennedy v. Knott, 264 Pa. 26.

It was error to allow the amendment to the plaintiff's statement: Gratz v. Phillips, 5 Binney 562; Clark v. Herring, 5 Binn. 32; Girard v. Stiles, 4 Yates 1.

*Owen J. Roberts,* and with him *Reynolds D. Brown,* for appellees.—The burden was upon the defendant to show that his chauffeur was not acting within the scope of his employment: Hazzard v. Cartairs, 244 Pa. 125; Maloy v. Rosenbaum Co., 260 Pa. 471.

An amendment as to the claim for damages may be allowed at any time: Theisen v. Railway Co., 256 Pa. 475.

OPINION BY KELLER, J., December 8, 1919:

Two assignments of error have been filed in this appeal. The first is to the refusal of the court below to direct a verdict in favor of the defendant; the second, to the action of the court in permitting, after verdict, an amendment to the plaintiffs' statement increasing the amount of damages claimed.

1. The facts in evidence as presented by the plaintiffs were briefly as follows: The plaintiff, Delia Brown, on the morning of October 31, 1918, was being taken to school, with several companions, in her uncle's motor car, which was driven by her cousin, Joseph Harris, a licensed driver. As the car was going south on Wissahickon avenue, just over the crest of the hill at Manheim street, it was approached by the defendant's car, coming north, driven by his agent and employee, one Joseph Connelly. Young Harris was driving as far on the right-hand side of the road as he could safely go, there being a deep gutter bordering the roadway on that side. The defendant's driver came northward up the slope not keeping to his right-hand side but considerably over the crown of the road. Both cars were moving at about the same rate of speed and neither was going unreasonably fast provided he stayed on his own side of the road. The front of the defendant's car barely passed the front of the Harris car, but failed to turn out sufficiently to clear the rear, hitting the Harris car with such force that it knocked it over into the gutter where it turned turtle twice, and severely injuring the plaintiff, Delia Brown,

and the other occupants of the car.   The left front wheel
of the defendant's car was broken by its impact against
the Harris car.   Under this state of facts, the trial judge
could not rule, as, a matter of law, that there was no
evidence of the defendant's negligence.   It is negligence,
and entirely too common a form of it, for a motorist hav-
ing plenty of room to pass on his own side to steer his
car so close to an approaching car that the least swerve
may cause a collision.   The whole question of negligence
and contributory negligence was left to the jury in a
charge that is not complained of.   Subsequently on a
motion for judgment n. o. v. the defendant advanced the
proposition that he was not liable because there was no
affirmative proof at the trial that at the time of the ac-
cident the driver Connelly was engaged on his business.
The court dismissed the motion and the record shows
no exception or assignment of error to such action.

This action was tried in the municipal court and is
governed as to pleadings and practice by the Act of July
12, 1913, P. L. 711, creating that court.   It provides in
section 12 for the filing of a plaintiff's statement and a
defendant's answer which shall "contain an admission or
denial of each fact averred"......"all facts which de-
fendant does not deny or aver himself to be ignorant and
demand proof as aforesaid, shall be deemed to be ad-
mitted."   The plaintiffs' statement in paragraph 2
averred that the car inflicting the damage belonged to
the defendant and was being driven by his agent and em-
ployee, Joseph Connelly, and in paragraph 3, averred
the duty of the "defendant's agent and representative"
to exercise due care in the operation of his car.   In his
answer the defendant did not deny that the car was
owned by him or was being driven at the time of the ac-
cident by his agent and employee, but admitted that
there had been a collision on the date mentioned between
a car "driven by his employee and a car belonging to
some other person whose ownership he does not know."
He averred, however, that the collision was not the result

of any negligence on "the part of the defendant's employee, but was due to the negligence of the person driving the car in which it is alleged the plaintiff's daughter was riding."

We are of the opinion that the language in the plaintiffs' statement above referred to, amounted to more than a mere averment that the driver of the car was in the employ of the defendant; that it imported that at the time of the accident, the driver was the agent and employee of the defendant with respect to what he was then doing and was, therefore, engaged on his business. And that this is not an unreasonable construction is seen from the wording of the defendant's answer to these averments, wherein he recognized the driver as his employee in the premises. If the driver of the car was not engaged on the defendant's business at the time of the accident, but was using the car for his own private purposes, then he was not the defendant's agent or employee with respect to that transaction and it was the defendant's duty to raise the issue in his answer. That he did not do so, and likewise failed to raise it at the trial, leads to the conclusion that his employment in and about the defendant's business at the time of the accident was not questioned and was subsequently raised as an afterthought.

It is true that in a number of decisions, both of this court and of the Supreme Court, it has been held that the fact that a car was being driven by one who was in the regular employment of the defendant was not sufficient to render the defendant liable for his negligence, but that there must be some evidence that the car was being used in and about the defendant's business at the time of the injury: Sarver v. Mitchell, 35 Pa. Superior Ct. 69; Luckett v. Reighard, 248 Pa. 24; or conversely, that the master was not liable if the evidence showed that the servant or employee was using the car, not on his master's business, but for his own private purposes: Lotz v. Hanlon, 217 Pa. 339; Scheel v. Shaw, 252 Pa. 451. But if there is testimony from which the use of the car on the

master's business may be inferred, it is a question of fact for the jury: Curran v. Lorch, 243 Pa. 247; Blaker v. Phila. Electric Co., 60 Pa. Superior Ct. 56; Maloy v. Rosenbaum Co., 260 Pa. 466. Under the simplified practice acts now in force—and the Municipal Court Act is among them—the effect to be given an undenied averment in a plaintiff's statement, with respect to a matter which the defendant is required to answer, is the same as if it had been conclusively proven on the trial by competent and sufficient evidence. Most of the cases cited by the appellant arose before the simplified practice acts had been passed. As to the others, the several defendants denied that the person driving the car at the time of the accident was engaged in and about their business and thus put the plaintiffs to proof of the averment at the trial. In this case there was no denial of the averment in the plaintiffs' statement with respect to the driver's agency for the defendant and we are of opinion that it was sufficient to establish such agency in the operation of his car at the time of the accident. The first assignment is overruled.

2. The injury to the plaintiff, Delia Brown, was quite a severe one. She had to undergo three operations, all requiring the use of anesthetics, and suffered intense pain. In her statement of claim, she laid her damages in the sum of five hundred dollars. The jury awarded her eight hundred dollars. Before judgment, the court permitted an amendment of the ad damnum clause of her statement increasing the amount claimed to one thousand dollars. This was in exact accordance with the ruling of the Supreme Court in the recent case of Theisen v. Pittsburgh Railways Co., 256 Pa. 475, and was a proper exercise of judicial discretion.

We may add that neither assignment is in accord with the rules of this court and the appeal might properly be dismissed on that ground. The judgment is affirmed.