## Booker *v.* Pennsylvania Railroad Company, Appellant.

*Common carriers — Railroads—Station porters—Hand baggage lost—Pleadings—Act of April 11, 1867—Practice Act.*

In an action of trespass to recover for loss of hand baggage, while in the custody of a station porter, a defense that the porter was not in the employ of the railroad company cannot be received,

where there is no denial in the affidavit of defense of the porter's employment by the railroad company.

A porter who is employed by a railroad company for various duties around the station, including the carrying of hand baggage for passengers, is in the employ of the railroad company while carrying such baggage of a passenger, even although, when engaged in such work, he receives no compensation from the railroad company.

The Act of April 11, 1867, P. L. 69, relating to the loss of baggage while in the custody of the passenger has no application, until the baggage has been redelivered to the passenger by the porter in the employ of the company.

Argued October 2, 1923. Appeal, No. 31, Oct. T., 1923, by defendant, from judgment of Municipal Court of Philadelphia, Jan. T., 1922, No. 348, on verdict for plaintiff in the case of Jennie S. Booker v. The Pennsylvania Railroad Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for the loss of a suitcase. Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

The jury rendered a verdict for the plaintiff in the sum of $700 and judgment was entered thereon. Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment non obstante veredicto.

*Henry Wolf Bikle,* and with him *Sharswood Brinton, Charles Myers* and *William Meade Fletcher, Jr.,* for appellant.—There was no delivery of possession to the railroad company, but the passenger used the porter as her servant: Pollock on Torts (Webb's Edition), 418; Robinson Cr. L., sec. 42o, vol. 17 Corpus Juris, 442; Clark's Handbook of Criminal Law, Third Edition (1915), by Wm. E. Miklee, 318, 323-327; Crouse v. Lu-

bin, 260 Pa. 329; Puhlman v. Cab Co., 259 Pa. 393; Hirsch v. American District Telegraph Co., 112 App. Div. 265, 98 N. Y. Supp. 371; Asbell v. Kansas, 209 U. S. 251, 257; Crossman v. Lurman, 192 U. S. 189, 190; Reid v. Colorado, 187 U. S. 137, 149; Missouri, Kansas & Texas Ry. Co. v. Haber, 169 U. S. 613, 623; Smith v. Alabama, 124 U. S. 465, 482; Sherlock v. Alling, 93 U. S. 99; Plumley v. Mass., 155 U. S. 461.

*Albert H. Ladner,* of *Ladner & Ladner,* for appellee. —The defense was inadmissible under the pleadings: Ruth Hastings Glass Co. v. Slattery, 266 Pa. 288; Mc-Glinchey v. Steigerwald, 73 Pa. Superior Ct. 520; Gillespie v. Pennsylvania Co., 272 Pa. 393; Corpus Juris, vol. 10, 1218; Leach v. Southeastern R. R. Co., 34 L. T. Rep. N. S. 134 (Eng.); Hasbrouch v. N. Y. Central R. R., 137 Appellate Div. (N. Y.) 532; Fisher v. Geddes, 15 La. Ann. 14.

OPINION BY KELLER, J., February 29, 1924:

Plaintiff's suitcase was lost through the negligence of one of defendant's red-cap porters. She brought this action of trespass to recover the damages thereby sustained. The railroad company defends on the ground that the porter, while in the act of carrying plaintiff's luggage from the waiting room to the train she was about to board, was not its employee, but was for the time being the plaintiff's personal servant. Two things prevent our adopting this view.

(1) Under the pleadings the defendant was not in a position to raise such defense. The plaintiff in her statement alleged, inter alia, that the defendant was a common carrier of passengers for hire and as such maintained for the convenience of its passengers and the necessities of its business, a passenger station in Philadelphia known as Broad Street Station, and in connection therewith maintained a force of porters for the purpose of carrying baggage, etc., for the convenience of

its passengers, more particularly those changing from one train of the defendant company to another; that it became necessary for the plaintiff who was traveling from Wilmington, Del., to Atlantic City, N. J., by defendant's railroad, to leave one train and enter another at said Broad Street Station and in so doing she entrusted her hand baggage, consisting inter alia of said suitcase, to a porter then and there furnished by, and in the employ for that purpose of, the defendant. She then detailed the circumstances of said porter's negligence and the loss of the suitcase. To this statement the defendant filed an affidavit of defense, in which it only denied "that by or through its negligence or the negligence of any of its agents, servants or employees the baggage of the plaintiff was lost." It will be noted that this is not a denial of the plaintiff's allegations that the defendant company maintained porters at Broad Street Station for the purpose of carrying the baggage, etc., of its passengers, or that the porter to whom she gave her suitcase was furnished by, and in the employ for that purpose of, the defendant. It is only a denial that the baggage was lost through defendant's negligence or that of its agents, servants or employees. It is a denial of the negligence charged, not of the agency or employment of the porter. Now the Practice Act of 1915 (P. L. 483) provides (section 13) that in actions of trespass the averments in the statement of the person by whom the act was committed, and the agency or employment of such person, and similar averments, if not denied in the affidavit of defense, shall be taken to be admitted on the trial; but that the averments of the other facts on which the plaintiff relies to establish liability and averments relating to damages claimed, need not be answered or denied, but shall be deemed to be put in issue in all cases unless expressly admitted. As these undenied averments of the statement relating to the agency or employment of the person who lost the baggage were offered and admitted in evidence in accordance with the rule laid down in

Buehler v. U. S. Fashion Plate Co., 269 Pa. 428, the defense that the porter was not in the employ of the defendant was, as the pleadings then stood, not open to it: McGlinchey v. Steigerwald, 73 Pa. Superior Ct. 520; Brown v. Winelander, 73 Pa. Superior Ct. 197; Flanigan v. McLean, 267 Pa. 553, 558; Fleccia v. Atkins, 270 Pa. 573, 578; Gillespie v. Penna. Co., 272 Pa. 393.

(2) The learned trial judge, however, left it to the jury to determine from all the evidence whether the porter was in the employ of the defendant while carrying the plaintiff's luggage and their verdict in favor of the plaintiff determines not only that the porter was negligent but that he was acting as an employee of the defendant when the negligent act was committed, and will not be disturbed provided there was any evidence to support such finding. The plaintiff "must be given the benefit of every fact and inference of fact, pertaining to the issues involved, which may reasonably be deduced from the evidence": Mountain v. American Window Glass Co., 263 Pa. 181, 183. The porter testified that he was employed by the Pennsylvania Railroad Company and the learned counsel who so ably argued the case for the appellant states in his brief: "The railroad company does not deny that the porter was in its general employ." It was proven that red-cap porters are railroad station porters who assist passengers with their hand baggage; they are bonded and wear a uniform on which there is embroidered a keystone (the insignia of the Pennsylvania Railroad Co.) and the words, "Penna. Station Porter" together with the number assigned them, this one being No. 53; they are under the control of the supervisor of the station to whom they report for instructions and by whom they are assigned to their duties. On some days they run the elevator; again they work in the railroad post office by turns; then again they carry hand baggage for passengers. It was testified by the porter that when they are "portering only" they get no pay from the railroad company but look to the passengers. The jury were

not bound to accept this statement as true: Holzheimer v. Lit Bros., 262 Pa. 150; but even if believed that did not of itself change the porter's status from an employee of the railroad company to a servant of the passenger. It was not pretended that the railroad company advertised or informed the traveling public that it had engaged a number of trusted men whom it was prepared to furnish to passengers for employment by them as personal servants to assist in carrying their hand luggage for reasonable compensation. The money paid by the passenger was not compensation which the porter could have demanded or sued for in an action, but was rather a gratuity or tip which she was not bound to give and which the porter could not have recovered in an action of assumpsit if the passenger had not seen fit to give it. The fact that a traveler gives a tip to a porter for courteous service in the carriage of his hand luggage does not make the porter his servant for whose negligence he is responsible any more than a tip given to a bell boy in a hotel, to a waiter in a restaurant, or to a hat check employee, changes the status of their respective employment. Nor does the fact—if such is the case —that the railroad company does not pay its employees while they are "portering only," but that their sole source of revenue in such circumstances is the tips which they receive from passengers, negative the continuance of their employment while acting as porters or relieve the employer of responsibility for their acts within the scope of their employment. If a waiter employed by a hotel or restaurant agrees to work without compensation from his employer, relying on the tips which he anticipates he will receive from the customers, he is none the less in the employ of the hotel or restaurant and does not become the servant for the time being of each and every customer upon whom he may wait, nor could he sue the customer for compensation upon a quantum meruit if no tip was forthcoming. It is well known that hat check employees are frequently not only not paid by the hotel

or restaurant where they are employed but that in some instances large sums of money are paid for the concession, but this does not make the hat check employee the servant of the patron who may or may not give him a tip. The facts need only be stated to show the wide distinction between the present case and the situation in Puhlman v. Excelsior Express Co., 259 Pa. 393, and kindred cases cited by the appellant, where an employee is regularly hired by one person to another with a clear understanding that the employee is subject only to the latter's direction and control.

Nor is it material that the railroad company has not filed tariffs covering the services of these porters. It does not file tariffs for their services when they act as elevator men, or for their ushers, or the employees in their bureau of information, or for the many other attendants who furnish aid and assistance to travelers using their line, or are employed in connection with the facilities of transportation which a well managed railroad in large centers of population furnishes to the traveling public to expedite its own business as well as for the convenience and accommodation of its patrons.

It is not necessary, as was pointed out by LINDLEY, L. J., in Bunch v. Great Western Ry. Co., 17 Q. B. D. 215, 227 (1886)—affirmed in Great Western Ry. Co. v. Bunch, L. R. 13 App. Cas. 31 (1888),—a case similar to, but not as strong as, this one, to hold that while the porter was carrying the luggage from the waiting room to the train, the railroad company was a common carrier of such luggage; it is enough that he was acting within the scope of his employment in taking the luggage to the train. If as to such hand luggage, not checked but delivered to the porter for carriage to the train, the liability of the railroad company was only that of a bailee, it is sufficient, for the jury has found negligence on the part of the porter within the scope of his employment. See also the opinion of Lord Halsbury in the same case when before the House of Lords, p. 38, and of Lord Wat-

son, p. 43. The chief point in dispute in that case was whether the fact that the lost bag was delivered into the custody of the porter forty minutes before train time altered the situation and relieved the company of liability, as not being within the scope of the porter's employment. In the case of Hasbrouck v. N. Y. C. & H. R. R., 202 N. Y. 363, 95 N. E. 808, it was held that the liability of the railroad company under somewhat similar circumstances was not that of an insurer, as a carrier, but only of a bailee, and that negligence must be proven before there can be a recovery; but that a total failure to deliver, with no satisfactory explanation of the loss, is evidence of negligence (p. 812, Rep. ed.). See also Holmes v. North German Lloyd S. S. Co., 184 N. Y. 280, 77 N. E. 21. Our view of the matter is supported by the following cases in addition to those already cited: Kinsley v. L. S. & M. S. R. Co., 125 Mass. 54; Southern Pacific R. Co. v. Maloney, 136 Fed. (C. C. A.) 171 (VAN DEVANTER, J.); M. K. & T. R. Co. v. Kirkpatrick, 165 S. W. (Texas) 500; Leach v. South Eastern Ry. Co., 34 L. T. Rep. N. S. 134; Fisher v. Geddes, 15 La. Ann. 14. The attorney for the appellant attempts to distinguish the last named case on the ground that the plaintiff was furnished with a check for his truck before landing. He has misconceived the facts in that case. The plaintiff was not furnished with a check for the carriage of his trunk on the defendant's boat, but the defendant's employee, after the boat arrived at its destination, took the trunk to have it checked on the Pontchartrain Railroad with which the defendant had no connection and negligently checked the wrong piece of baggage and lost the plaintiff's trunk. The district messenger cases relied upon by the appellant (Haskell v. Boston Dist. Messenger Co., 190 Mass. 189; Hirsch v. Am. Dist. Tel. Co., 98 N. Y. Supp. 371; Sturgis v. Am. Dist. Tel. Co., 197 N. Y. Supp. 268), are easily distinguishable for in those cases the plaintiff, instead of using the messengers for the delivery of messages, etc., within the scope of their

employment, without notice to the company attempted to employ them for the collection of money or the delivery of bonds and other valuables and the company was held not liable in the absence of notice to the employer and a special contract for their delivery.

(3) We do not think the Act of April 11, 1867, P. L. 69, also relied upon by the defendant, rules the case in its favor. The third section enacts: "That no railroad company providing a car, or other place, for the deposit of passengers' baggage, shall, under any circumstances, be liable for loss of, or damage to, any articles, or property, whatsoever, not there deposited by the passenger, or which are placed by him, or her, in the car in which he, or she, is to be transported." In the first place, this relates to the railroad company's duty as a common carrier in the transportation of a passenger's baggage. Its plain purport is that, if a passenger takes his baggage with him into a car, leaves it unguarded and it is lost, the loss falls on the passenger. It does not relieve the railroad company of liability for hand baggage entrusted to it as bailee if negligently cared for. Furthermore, the baggage at the time it was lost was in the custody or possession of the defendant, in the person of its porter, whom it held out to the traveling public as being employed for the purpose of carrying such baggage. Until it was redelivered by the employee to the passenger the Act of 1867 did not apply.

We have carefully considered all the authorities cited by the learned counsel for the appellant in his brief, though we do not deem it necessary to refer to them more at length. We are of the opinion that the verdict is sustained by the evidence and that the judgment should not be disturbed.

The assignment of error is overruled and the judgment is affirmed.