## Myers and Myers *v.* Pfeiffer, Appellant.

*Negligence—Automobiles—Master and servant—Master's business—Statement of claim—Evidence—Placing admission on record—No affidavit of defense—Practice Act of May 14, 1915, P. L. 483.*

In an action of trespass to recover damages for personal injuries, the plaintiffs' statement averred the defendant's ownership of the automobile causing the damage, and its operation at the time by his servant, agent or employee. No affidavit of defense was filed and the averments of the statement of claim were offered in evidence.

Under such circumstances, these pleadings, undenied and offered in evidence, were sufficient proof of the chauffeur's agency on behalf of the defendant to support a verdict against him, although it would have been better practice to have specifically averred that the car was being operated at the time on the defendant's business.

Under the provisions of the Practice Act of 1915, all facts alleged by the plaintiff must be traversed by the defendant, except such as show his negligence or prove the damages.

Submitted November 12, 1924. Appeals, Nos. 187 and 188, Oct. T., 1924, by defendant, from judgments of Municipal Court of Philadelphia, May T., 1921, No. 796, in favor of plaintiffs in the case of Thomas C. Myers and Catherine Marie Myers v. Charles Pfeiffer. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before CRANE, J.

The facts are stated in the opinion of the Superior Court.

Verdict for $250 for plaintiff, Catherine Marie Myers, and $100 for Thomas C. Myers and judgment thereon. Defendant appealed.

*Error assigned* was, among others, the refusal of defendant's motion for judgment non obstante veredicto.

*Robert Brannan,* for appellant.—No legal liability of the defendant was proved: Luckett v. Reighard, 248 Pa. 24-31; Scheel v. Shaw, 60 Pa. Superior Ct. 73-80, 252 Pa. 451; Kunkle v. Thompson, 67 Pa. Superior Ct. 37-39; Markle v. Perot, 273 Pa. 4-6; Goater v. Klotz, 279 Pa. 392-95.

Liability of the defendant, if not averred by plaintiffs in their statement, was not admitted by the defendant when no affidavit of defense was filed: McClinchey v. Steigerwald, 73 Pa. Superior Ct. 520, 522-523; Farbo v. Caskey, 272 Pa. 573-577; Sieber v. Russ Bros. Ice Cream Co., 276 Pa. 340-343-344.

*Bryan A. Hermes,* for appellee.—Under the pleadings the liability of the defendant was established: Buehler v. U. S. Fashion Plate Co., 269 Pa. 428; Gillespie v. Pennsylvania Co., 272 Pa. 393.

OPINION BY KELLER, J., February 27, 1925:

This is an action in trespass brought by a husband and wife to recover damages for personal injuries to the wife received in an automobile collision. The automobile which inflicted the injuries was owned by defendant and the evidence clearly established the negligence of its driver. The sole question raised by this appeal is whether there was any evidence that at the time of the collision the driver was acting as the agent of the defendant.

The proof on the subject consisted of averments in the plaintiff's statement, duly offered in evidence in accordance with the ruling in Buehler v. U. S. Fashion Plate Co., 269 Pa. 428. The defendant filed no affidavit of defense.

The Practice Act (Act of May 14, 1915, P. L. 483) provides in section 13: "In actions of trespass the averments, in the statement, of the person by whom the act was committed, the agency or employment of such person, the ownership or possession of the vehicle......or

instrumentality involved, and all similar averments, if not denied, shall be taken to be admitted in accordance with section six; the averments of the other facts on which the plaintiff relies to establish liability, and averments relating to damages claimed, or their amount, need not be answered or denied, but shall be deemed to be put in issue in all cases unless expressly admitted." Interpreting this, we said in McGlinchey v. Steigerwald, 73 Pa. Superior Ct. 520: "We think that the two sections taken together provide that all facts alleged by the plaintiff must be traversed by the defendant except such as show his negligence or prove the damages." And the Supreme Court in Gillespie v. Penna. Co., 272 Pa. 393, 397, said this interpretation was correct.

The plaintiff's statement in this case averred not only the defendant's ownership of the automobile causing the damage but also its operation at the time by his servant, agent or employee. Were these averments, undenied and offered in evidence, sufficient proof of the chauffeur's agency on behalf of defendant to support a verdict and judgment against him? As we read the decisions of the Supreme Court, we think it was, though it would have been better pleading, and would have saved this appeal, if the plaintiffs had also distinctly averred that the car was being operated at the time on the defendant's business.

The decisions prior to the effective date of the Practice Act aforesaid (January 1, 1916), are of little help to us except to fix the general rule that on the trial of a case evidence that the automobile belonged to the defendant and that the driver was in his employ is not of itself sufficient to make the latter responsible for the negligent operation of the car. It is necessary to bring home to the defendant the driver's agency at the time. This may be done as respects a business car by proof that it bore the name and business of the defendant, which raises a presumption, sufficient to take the case to the jury, that the driver of it was acting on behalf of the defendant as

his agent at the time of the injury.  As to a pleasure car, however, there must be positive evidence of such agency by proof that the driver was engaged on defendant's business when the accident occurred.  But these rules relate only to cases where the agency of the driver on defendant's behalf in the operation of the car is not admitted by the pleadings and therefore must be shown by facts dehors the pleadings.  Undoubtedly, in this case, if the averments of the plaintiff's statement as to the agency of the driver had been denied, the plaintiffs could not have established such agency merely by proof that the driver was in defendant's employ.  They would either have had to show that the automobile was a business car, bearing defendant's name and business, or that the driver was engaged on his employer's business at the time.  But the purpose of such evidence would be to prove the agency which the defendant had denied, and if it was admitted, further proof would be superfluous.  We said in Brown v. Winelander, 73 Pa. Superior Ct. 197, 201, where the facts were very similar to this case: "We are of the opinion that the language in the plaintiffs' statement above referred to, amounted to more than a mere averment that the driver of the car was in the employ of the defendant; that it imported that at the time of the accident, the driver was the agent and employee of the defendant with respect to what he was then doing and was, therefore, engaged in his business......If the driver of the car was not engaged on the defendant's business at the time of the accident, but was using the car for his own private purposes, then he was not the defendant's agent or employee with respect to that transaction and it was the defendant's duty to raise the issue in his answer."

The case of Farbo v. Caskey, 272 Pa. 573, is almost on all fours with this case, except for one very important thing, which was lacking in that case but is present in this, viz, the averment in the plaintiff's statement as to the chauffeur's agency for the defendant was not offered

in evidence as required by Buehler v. U. S. Fashion Plate Co., supra; and it was this failure of evidence, and not the want of sufficient averment of agency in the statement, that caused the reversal in that case. This is distinctly stated by Mr. Justice SCHAFFER, as follows: "The statement of claim does not specifically aver that the chauffeur was, as a matter of fact, engaged in the performance of service for defendant at the time of the accident, but left that open to inference from the averment of the agency. Answering a point of defendant, which raised the question, the court in its general charge instructed the jury, the averment that the automobile was driven by defendant's servant or agent, was a sufficient averment on which to base liability, if the driver was negligent. The difficulty, however, with this assumption is the fact that there was no evidence properly presented on the subject. Although neither the statement of claim nor any part of it had been offered in evidence, the trial judge treated certain of its averments as in the proofs and before the jury, saying to them that there was the admission in the written pleadings, because of the undenied averments in the statement of claim, that the automobile was driven by the defendant's servant or employee, and instructed them this averment was sufficient upon which to base liability if the driver was negligent. This was contrary to our ruling in Buehler v. United States Fashion Plate Co., 269 Pa. 428, where we pointed out that 'A fact averred in the statement of claim, and not specifically denied in the affidavit of defense, is an admitted fact, but does not become such for purposes of trial, unless put before the jury in one of three ways:'......None of the methods indicated was pursued in this case, but, after the testimony was closed, and counsel had summed up, the court in its charge stated the fact we have indicated, essential to plaintiff's recovery, as though it had been put in the record and was before the jury as proof in the case. This does not conform to the practice we have laid down......A fair

construction of section 13 of the Practice Act of 1915 (P. L. 483, 485) relieves one, who has pleaded the agency of the person committing the act complained of, in the manner here pursued, from producing testimony to show such agency or that the negligent act was done in the course thereof, when these facts are not denied in an affidavit of defense, if due proof thereof is made in accordance with the methods laid down in Buehler v. United States Fashion Plate Co., supra."

To our minds this clearly means that if the plaintiff in that case had offered in evidence the averment in the statement of the agency of the person committing the act complained of,—as was done in the present case,—the proof would have been sufficient to sustain the verdict. It is true that Justice SCHAFFER goes on to say—just as we have said in this case—that it would have been better pleading to have averred in addition, that the agent was as a matter of fact acting within the course of his employment at the time of the accident, but that expression was evidently not considered as running counter to the prior statement, that the averment of agency as it appeared in the plaintiff's statement—which was almost the same as in this case—undenied by the defendant, if offered in evidence, would have been sufficient proof of the driver's agency on behalf of the defendant at the time of the accident to support a verdict against him.

As the averments with respect to the agency of the driver in the present case were almost identical with those in Farbo v. Caskey, were not denied, and were offered in evidence, we are of opinion that that decision rules this case for the appellees.

The assignments of error are accordingly overruled and the judgment is affirmed.