Heather, Appellant, *v.* New Spartan Building and Loan Association.

Argued October 13, 1936.

Before KELLER, P. J.,
CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES
and RHODES, JJ.

*E. Spencer Miller,* for appellant.

*William H. Steeble,* for appellee.

OPINION BY CUNNINGHAM, J., March 16, 1937:

On January 1, 1932, New Spartan Building and Loan
Association, defendant below and appellee herein, was
the registered owner of premises at Nos. 867-9 Brill
Street in the City of Philadelphia, and Annie E.
Heather, plaintiff below and appellant herein, was the
owner of bonds, secured by first mortgages, upon these
properties. She had purchased the securities from
Philadelphia and Suburban Mortgage Guarantee Com-
pany under a contract of guaranty by which that com-
pany guaranteed to her, as "the insured" thereunder,
payment of principal and interest of the bonds and
mortgages.

One of the "Terms of Guarantee" read: "By the ac-
ceptance of this guarantee this company is made *irre-
vocably the agent of the insured,* with the exclusive
right, but at its own expense, ...... to collect the
principal and to collect the interest as it falls due on
the bond and mortgage hereby guaranteed, until the

bond and mortgage are paid ......" (Italics supplied)

Among other things to which she bound herself was: "To allow this company, in the name of the insured, to exercise any *right or option* secured to the insured by said bond and mortgage, and, without further action on the part of the insured this company is authorized to *enforce payment* in the name of the insured from time to time of any sums which may be or become due under said bond and mortgage ......" (Italics supplied)

In June, 1932, the Spartan Building and Loan Association defaulted in payment of interest then due on a number of mortgages, including the two here in question. In August of that year an agreement was made between the defaulting association and the Philadel. phia and Suburban Mortgage Guarantee Company, under the terms of which the association assigned to the mortgage company its leases from the tenants of the properties and deeded the lots to the nominee of the mortgage company. One of the conditions upon which the leases were delivered and the properties conveyed was that the Philadelphia and Suburban Mortgage Guarantee Company released the Spartan Building and Loan Association "from all liability as to 1932 taxes" upon all the lots included in the agreement. Pursuant to this agreement, the association assigned to the mortgage company the lease of the tenant then occupying No. 867 Brill Street—No. 869 being vacant. By deed, dated December 21, 1932, the association conveyed to Wm. J. Devine, nominee of the mortgage company, the premises at both numbers.

This agreement and the conveyances therein provided for seem to have been made in lieu of foreclosure proceedings upon the mortgages. See *Bryn Mawr College Trustees v. Gold B. & L. Association,* 120 Pa. Superior Ct. 246, 182 A. 98.

In the early part of 1933 appellant foreclosed her mortgages and acquired title to the premises here involved through sheriff's deeds. On May 27, 1933, appellant, finding the property at No. 867 encumbered by a claim for city taxes for the year 1932, which, with penalty and interest, amounted to $131.50, paid the same to protect her title.

On December 29, 1933, she made an additional payment of taxes, aggregating $130.42, for the year 1932 upon the premises at No. 869.

In February, 1934, appellant instituted the action out of which this appeal arose against the appellee association, as the registered owner on January 1, 1932, of the premises, for reimbursement for the amount of taxes ($261.47) she had been obliged to pay: *Pennsylvania Co. etc., Trustee, v. Bergson,* 307 Pa. 44, 159 A. 32.

Appellee did not deny in its amended affidavit of defense its ownership of the properties on January 1, 1932, or the payment of the taxes by appellant, but did deny any liability upon its part to reimburse appellant. It set up as "new matter" the purchase of the bonds and mortgages by appellant from Philadelphia and Suburban Mortgage Guarantee Company and averred that this guaranteeing company "thereafter acted as agent for the said mortgages, and defendant at all times during its ownership dealt with said mortgage company as agent of the holders of the various mortgages, with the full approval and authority of said holders, including plaintiff." It was further averred that, "On August 10, 1932, defendant and Philadelphia and Suburban Mortgage Guarantee Company, *as plaintiff's duly authorized agent,* entered into an agreement wherein and whereby, inter alia, defendant agreed to immediately assign to the mortgage company the leases covering said properties, and to convey title to the nominee of said mortgage company, and the mortgage company in consideration thereof *released*

*defendant from all liability for taxes* for the year 1932 upon said properties." (Italics supplied).

The amended affidavit of defense, with the written evidence of the agreement attached, was duly served upon appellant, with notice to answer the "new matter." No answer was filed thereto, but appellant took a rule for judgment for want of a sufficient affidavit of defense. This rule was discharged.

When the case came on for trial in January, 1935, before a judge of the court below sitting without a jury, it was tried upon the pleadings and without the taking of any oral evidence. As above indicated, the prima facie case set out in the statement was admitted in the amended affidavit of defense, but the answer of appellee thereto was stated in the "new matter." When counsel for appellant rested after offering the statement of claim, counsel for appellee offered in evidence paragraph 1 of the "new matter," which contained the above quoted averment of the agency of the mortgage guarantee company for appellant and pleaded the release given by the alleged agent, in behalf of appellant, to appellee from all liability for taxes upon the properties for the year 1932. No objection to the admission in evidence of this paragraph was made by counsel for appellant and the case was closed.

The trial judge on February 21, 1935, found for the building and loan association. Appellant's motions for a new trial and judgment in her favor n. o. v. were denied, and this appeal from the judgment entered on the findings followed.

Counsel for appellant argues that the use of the word "as" indicates that the mortgage company acted like an agent, but was not in fact an agent. He cites Webster's Dictionary to support him. But that authority also defines the word as equivalent to the expression, "in the character of." We are not impressed with this branch of the argument for appellant. The

authorities make permissible the use of the word "as" to denote an actual relationship, rather than mere similarity.

Another proposition advanced is that although appellee did state generally that the mortgage company was appellant's duly authorized agent in the transactions, it did not specifically state that the agent was authorized to give the release here in question. It is contended that appellant was, therefore, not required to deny such authority. All of these fine-spun technicalities could have been avoided by the filing of a reply denying authority to give the release and thus placing the matter in issue. But since plaintiff failed to do this, the interpretation of the averments contained in the "new matter" was for the court.

It seems a reasonable inference from the use of the words "duly authorized" that appellee meant, authorized for the purpose of conducting such negotiations as were then in hand. Such an interpretation was made by this court in several cases.

*Brown v. Winelander,* 73 Pa. Superior Ct. 197, was a trespass case where the plaintiff alleged in his statement that the automobile inflicting the damage had been driven by the defendant's agent and employe. This was not denied and was held sufficient to establish not only agency, but that the agent was on his master's business at the time. Judge KELLER, speaking for the court, said: "We are of the opinion that the language in the plaintiff's statement above referred to amounted to more than a mere averment that the driver of the car was in the employ of the defendant; that it imported that at the time of the accident, the driver was the agent and employee of the defendant with respect to what he was then doing and was, therefore, engaged on his business. And that this is not an unreasonable construction is seen from the wording of the defendant's answer to these averments, wherein he recognized

the driver as his employee in the premises. *If the driver of the car was not engaged on the defendant's business at the time of the accident, but was using the car for his own private purposes, then he was not the defendant's agent or employee with respect to that transaction and it was the defendant's duty to raise the issue in his answer.* That he did not do so, and likewise failed to raise it at the trial, leads to the conclusion that his employment in and about the defendant's business at the time of the accident was not questioned and was subsequently raised as an afterthought." (Italics supplied)

This case was followed by another, similar on its facts and enunciating the same principle. In *Myers & Myers v. Pfeiffer*, 84 Pa. Superior Ct. 505, this court said: "The plaintiff's statement in this case averred not only the defendant's ownership of the automobile causing the damage but also its operation at the time by his servant, agent or employee. Were these averments, undenied and offered in evidence, sufficient proof of the chauffeur's agency on behalf of defendant to support a verdict and judgment against him? As we read the decisions of the Supreme Court, we think it was, though it would have been better pleading, and would have saved this appeal, if the plaintiffs had also distinctly averred that the car was being operated at the time on the defendant's business." See also *Booker v. Pennsylvania Railroad Co.*, 82 Pa. Superior Ct. 588.

Appellant further suggests that an averment that a person or company was "duly authorized" is a conclusion of law, therefore, poor pleading and need not be answered. This matter was considered in an opinion by Mr. Justice MAXEY, while in the common pleas, in the case of *Franklin Sugar Refining Co., v. Greenberger & Co.*, 3 D. & C. 92. He concluded that an averment that a person was duly authorized was the statement of a material fact and not an inference, and that it was

proper pleading under the requirements of the Practice Act.

We think the averments of the "new matter" were sufficient statements of agency for the purposes of this appeal. The failure to deny them by a proper reply barred appellant from offering evidence to the contrary at the trial and made them admissible in evidence under Sections 14, 15 and 16 of the Practice Act of May 14, 1915, P. L. 483, as amended by the Act of April 22, 1929, P. L. 627, 12 PS §431, and *Buehler v. U. S. Fashion Plate Co.*, 269 Pa. 428, 112 A. 632.

The only assignments of error before us relate to the refusal of judgment n. o. v. for appellant and the entering of judgment upon the findings. No exception was taken to the admission in evidence of the portions of the amended affidavit offered and received.

In the case just cited the assignments related solely to the refusal to take off a nonsuit. With respect to such a situation, our Supreme Court said at page 434: "On appeal, if any assignment of error raises a question like whether a point at issue was in fact admitted, either absolutely or qualifiedly, this will be reviewed exactly like any other properly raised point concerning the admission of evidence; but, if (as in the present case) no such assignment appear, — the only material ones present going to the refusal to set aside the nonsuit, — we must accept the record made, with the facts appearing in evidence, whether rightly or wrongly admitted."

Under the facts appearing in evidence upon the record, in the manner indicated, appellant's "duly authorized agent" released appellee from its liability, as registered owner of the properties in 1932, to reimburse appellant for the city taxes she was obliged to pay for that year. If appellant did not intend to admit the authority, real or apparent, of her agent to give the release, it was her duty to file a reply to the averments

set forth in the amended affidavit under the head of New Matter. The finding of the trial judge is supported by the evidence and the judgment appealed from was properly entered by the court below.

Judgment affirmed.