## Lynch, Appellant, *v.* Wolfinger.

Argued September 29, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*E. Arnold Forrest,* for appellant.

*J. Lawrence Grim* did not appear nor file a brief for appellee.

OPINION BY RENO, J., November 9, 1948:

The court below sustained defendant's affidavit of defense raising questions of law, and entered judgment for the defendant. A similar affidavit had been previously sustained and the amended statement of claim, drawn into question by the second affidavit, was filed pursuant to the opinion and order of the court. The court felt justified in entering judgment, instead of allowing further opportunity to amend, when plaintiff's second attempt failed to meet its approval. Plaintiff appealed.

The statement of claim was not skilfully drawn, and deserved criticism, but we do not find it so fatally defective as to warrant summary judgment.

Plaintiff is a real estate broker, and sued for commissions allegedly earned by finding a purchaser for defendant's property which she refused to convey. His statement, briefly summarized, avers that he was authorized to sell the property for $12,000 by defendant's son, not a real estate agent but a paint dealer, her "duly constituted and authorized agent", and that he secured an able and willing purchaser who deposited $700 as down money, which defendant's son and agent directed him to deposit in a bank which he designated. Later, defendant, through her son, notified plaintiff that she would not sell to the buyer procured by plaintiff.

The court read the statement as though defendant's son had been authorized to sell the property and, without specific authority, appointed plaintiff a sub-agent. This reading ignores the averment that the son "also had authority to list the said property for sale and to authorize a real estate agent to procure a purchaser for the same". Taken together, the several paragraphs amount to an allegation that the son was defendant's agent to sell the property and to list it for sale.

Nor can the averments be rejected as inferences or conclusions. Allegations that one is "authorized" or "had authority", or was "a duly constituted and author-

ized agent" sound like conclusions. Yet if the pleading avers the evidence upon which the allegation rests it might be condemned under the applicable Practice Act of May 14, 1915, P. L. 483, §5, 12 PS §386, a dilemma happily removed by Pa. R. C. P. No. 1019. However, the quoted words and phrases are not objectionable as conclusions. This Court passed upon the question in *Heather v. New Sparton B. & L. Assn.*, 126 Pa. Superior Ct. 245, 251, 190 A. 659, and said: "Appellant further suggests that an averment that a person or company was 'duly authorized' is a conclusion of law, therefore, poor pleading and need not be answered. This matter was considered in an opinion by Mr. Justice MAXEY, [now Chief Justice], while in the common pleas, in the case of Franklin Sugar Refining Co. v. Greenberger & Co., 3 D. & C. 92. He concluded that an averment that a person was duly authorized was the statement of a material fact and not an inference, and that it was proper pleading under the requirements of the Practice Act." Judge MAXEY drew his own syllabus, which we quote and adopt: "Averments in a statement that one person was duly authorized by another to make on behalf of the latter a contract, and that the contract was afterwards ratified, are statements of 'material facts' and not statements of 'inferences' within the meaning of the Practice Act of May 14, 1915, P. L. 483."

The foregoing disposes of the principal defect found by the court below in plaintiff's statement. Its animadversions upon other allegations need not be specifically noticed. Some lack the certainty and nicety of expression expected in pleadings, and others are manifestly mere surplusage. But, taken as a whole, and viewing it with the lenient eyes with which we always scrutinize pleadings where only their form is attacked, the statement sets out a cause of action.

Judgment reversed with procedendo.