Englehart et al., Appellants, *v.* Westmoreland Water Company.

Argued April 14, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent.)

*Fred B. Trescher,* with him *Kunkle & Trescher,* for appellants.

*Robert W. Smith,* with him *Smith, Best & Horn,* for appellee.

OPINION BY ARNOLD, J., July 15, 1949:

The plaintiffs filed a bill in equity to enjoin a continuing trespass. The court below sustained the preliminary objections to the bill, and the plaintiffs appealed.

The bill averred that the defendant, without any right or authority, was maintaining a water line on plaintiffs' land, and that the defendant "has no right, title, claim or interest in said land [concerning the water line]." We consider this pleading to be a good averment that the defendant is a trespasser. While to some extent it is a legal conclusion, there is no other way that the plaintiffs can plead that the defendant is *without* any right in said land. Cf. *Lynch v. Wolfinger,* 163 Pa. Superior Ct. 405, 62 A. 2d 95, and cases therein cited.

Therefore on preliminary objections the defendant is a trespasser, and it is self-evident that the trespass is a continuing one.

158

When the facts are clear and without dispute, equity will enjoin a continuing trespass without requiring that the plaintiff first establish his title at law: *King v. Mc-Cully,* 38 Pa. 76; *Bicking v. Florey's Brick Works,* 53 Pa. Superior Ct. 358; *Drum et al. v. Dinkelacker,* 79 Pa. Superior Ct. 91. On preliminary objections the facts are without dispute.

The defendant's right of eminent domain is to take private property for a public use upon making or securing just compensation. It is not, and cannot be, a license to trespass. The entry by the defendant on the land in question conferred no right or title to the defendant. "Our constitutional provision clearly makes the payment or securing of compensation the turning point in the transfer of title . . . [quoting Article XVI, Section 8, of the Constitution of Pennsylvania] . . . Until compensation is paid or secured, no title vests in the condemnor. If it enters upon the land for the purposes of construction before compensation has been made or secured, it is a trespasser. . . . 'Before payment or security, it is clear that the entry is tortious and not rightful': Western Penna. R. R. Co. v. Johnston, 59 Pa. 290.": *Speer v. Monongahela Railroad Co. (No. 1),* 255 Pa. 211, 217, 99 A. 810. See also *Buffalo, New York and Philadelphia Railroad Company v. Harvey et al.,* 107 Pa. 319; *Williamsport Etc. R. Co. v. Phila. Etc. R. Co.,* 141 Pa. 407, 414, 21 A. 645. Although the initial trespass occurred before the plaintiff acquired title, there is nothing in the record disclosing an easement by prescription. The question of the ownership of any damages flowing from an eminent domain proceeding will be determined if and when such proceedings are had. As the record now stands, the defendant is admittedly maintaining a continuous trespass. Unless there is a justification it can be enjoined.

The judgment is reversed with a procedendo; costs to abide the result.