## Sprecker v. Minutola et al.

*Caldwell, Fox & Stoner*, for plaintiff.

*Louis Gordon* and *Douglass & Handler*, for defendants.

NEELY, J., December 27, 1949.—This matter is before us on preliminary objections filed in behalf of Alfred Minutola, one of the defendants, to plaintiff's complaint. The objections were filed under Rule 1017(*b*)(3) of the Pennsylvania Rules of Civil Procedure and are in the form of a motion for a more specific pleading.

The complaint is in trespass and avers in substance that defendant's automobile, being driven in a negligent manner, with the permission of and upon defendant's business, and by defendant's servant, agent and employe, caused damages to plaintiff's automobile. It is averred that because of the negligence of defendant's servant, agent or employe, defendant's automobile came

into violent contact and collision with the automobile belonging to plaintiff, causing damage thereto. It is averred that the alleged collision occurred on July 7, 1947 at 7:30 p.m., at the intersection of Berryhill and Seventeenth Streets, in the City of Harrisburg, and that plaintiff's automobile was being driven by her son with plaintiff's permission.

The question before us at this time is simply whether plaintiff was bound to name or more fully identify defendant Minutola's agent. Defendant is entitled to a more specific pleading if the complaint is not sufficient to inform defendant of the exact charge that he is called upon to answer, or does not sufficiently indicate the basis of plaintiff's claim, or is not sufficiently clear to enable defendant to prepare his defense so as to meet the allegations of the complaint at the time of the trial: Goodrich-Amram Procedural Rules Service, Committee Note, page 124; 3 Standard Pa. Practice 693; Rhodes v. Terheyden et al., 272 Pa. 397 (1922) ; Bradly v. Potts, 155 Pa. 418 (1893) ; Rife v. Middletown, 32 Pa. Superior Ct. 68 (1906) ; Prentzel, Trustee, v. Snyder, 5 D. & C. 178 (1924) ; King et al. v. Brillhart, 271 Pa. 301 (1921).

Defendant maintains that because plaintiff has failed to name the servant, agent or employe causing the damage, that therefore the complaint is so vague that he is unable to state an answer thereto in an appropriate legal form.

It is alleged in the complaint that defendant's agent was driving the car at the time of the accident. Plaintiff herself does not appear to have been at the scene of the accident, and there is nothing to indicate that she has any knowledge at this stage in the proceeding as to the identity of the agent. Surely defendant is in a better position than plaintiff to know whether or not his car at that time and place was in fact being operated by someone who was defendant's agent. At least,

the means of ascertaining such fact is more readily available to defendant than it is to plaintiff.

It has been stated that a plaintiff is not bound to embrace in his statement what in the very nature of the particular case he could not know with accuracy: Georges Township v. Union Trust Co., 293 Pa. 364, 378 (1928). Putting the matter in another way, a more specific statement or complaint should not be required in those matters about which defendant has, or should have, as much or more knowledge than has plaintiff. Hence, we think the complaint in this case is sufficiently specific.

Our recent decision in Darrow et al. v. Keystone 5, 10, 25, $1.00 Stores, Inc., 60 Dauph. 134 (1949) is not in conflict with our conclusion in this case. Actions of trespass arise under very diverse circumstances. In the Darrow case there was an action of trespass, based upon the alleged negligence of defendant's employes in starting a fire. The matter was before the court not only on preliminary objections, but also on the petition of defendant asking for severance in order to join one of plaintiffs as an additional defendant. Two of plaintiffs and defendant therein occupied different portions of the same premises. The pleadings indicated that there may have been some knowledge on the part of plaintiffs concerning the identity of the employes who committed the wrongful act, a factor entirely lacking in the instant case. There is no indication in this record that plaintiff could give any more information than is set forth in the complaint as to the identity of the agent.

Of course, the undenied averments as to agency in a statement of claim, without identifying by name or otherwise the particular agent who acted in behalf of defendant, have been held sufficient on a number of occasions in trespass actions to prove the existence of such agency: Heather v. New Spartan Building and

Loan Association, 126 Pa. Superior Ct. 245 (1937) ; Brown v. Winelander, 73 Pa. Superior Ct. 197 (1919) ; Myers and Myers v. Pfeiffer, 84 Pa. Superior Ct. 505 (1925) ; Booker v. Pennsylvania Railroad Co., 82 Pa. Superior Ct. 588 (1924). These cases, while they do not involve the exact point at issue in this case, at least have some persuasive influence as showing what has been the recognized practice in such matters.

In our view, the allegations in plaintiff's complaint are clear enough to enable defendant to make answer thereto and to prepare his case. The preliminary objections to the complaint must therefore be overruled.

And now, December 27, 1949, the preliminary objections of Alfred Minutola are hereby overruled, and defendant is required to file an answer to the complaint within 20 days.