Laska v. Winter et al.

*Charles B. Ermentrout*, for plaintiff.
*Eastburn & Gray*, for defendants.

KELLER, P. J., March 12, 1951.—This matter comes before the court on preliminary objections to a real estate broker's bill in equity for commission alleged to be due him, and certain other relief, designed to insure its collection, on an alleged exclusive agency contract with two partners.

The allegations of the bill, which must be taken to be true for the purpose of the preliminary objections, may be summarized as follows: Defendants, Winter and Bruntrager, as copartners, were operating a tavern, known as Hillside Inn, at Edgely, Bucks County, Pa., when on May 29, 1950, defendant Winter, in his name only, signed an exclusive agency contract with plaintiff for the sale of the premises. On the back of the contract is certain information descriptive of the premises, including: "Price suggested — $30,-000.00." Plaintiff alleges that prior to the execution of the exclusive agency agreement, defendants, Tony W. Winter and Joseph G. Bruntrager, had orally engaged him to obtain a buyer for the premises and that he had taken many prospective purchasers to inspect the same. He further avers that on May 29, 1950, when the exclusive agency agreement was executed, defendant, Tony W. Winter, represented to him that he had the authority to enter into the agreement on account of the partnership of Tony W. Winter and Joseph G. Bruntrager, trading and doing business as Hillside

Inn. On June 1, 1950, plaintiff produced a buyer, one John Srogota, who was then and there willing to purchase the premises for $30,000, and offered to defendants, Winter and Bruntrager, a check for $1,000 as earnest money. Bruntrager, making an excuse, alleged to be untrue and fraudulent, that he desired to buy the premises and, therefore, would like to have the matter postponed, refused to execute an agreement of sale. Both partners subsequently entered into an agreement of sale with defendants, Harry L. Ellis and Helen Greenberg, with whom plaintiff had no connection.

Plaintiff's bill is brought: (1) To restrain, preliminarily, defendants, Winter and Bruntrager, from conveying the premises to defendants, Ellis and Greenberg; (2) to recover a commission to pay plaintiff the sum of $1,500, being the commissions alleged to be due plaintiff for the sale of the premises; (3) that the agreement of sale between defendants, Winter and Bruntrager, and Ellis and Greenberg, or any other buyers, be set aside to the extent necessary to satisfy plaintiff's claim; (4) to impress a lien upon the premises to insure collection of plaintiff's claim, and (5) to grant such other relief as the court may find just and proper under the circumstances.

Defendants, in their preliminary objections, allege the following:

1. That the bill in equity does not disclose a cause of action and does not sustain the prayer thereof in that:

(a) As to defendants, Harry L. Ellis and Helen Greenberg, plaintiff does not assert any contractual relationship or other basis of legal or equitable liability.

(b) As to defendant, Joseph G. Bruntrager, the facts averred show that defendant was not a party to the alleged contract on which plaintiff's claim is based; that plaintiff does not assert any enforcible contract

with said defendant, and that defendant never employed plaintiff as his agent.

(c) As to the partnership of Tony W. Winter and Joseph G. Bruntrager, trading as Hillside Inn, the alleged contract shows that it was not executed on behalf of, in the name of, or by the partnership.

(d) As to defendant, Tony W. Winter, the bill in equity discloses that plaintiff knew defendant could not enter into a binding contract of agency for the sale of the premises without the joinder of defendant, Joseph G. Bruntrager; that plaintiff knew the contract was not complete or intended to be complete without the joinder of Joseph G. Bruntrager; and that the alleged contract of agency is not a contract for the sale of the fractional interest of defendant, Tony W. Winter, in the premises.

2. Liability for the alleged cause of action set forth in the bill of equity cannot be asserted against all the material defendants, for the reasons specifically set forth in paragraph 1 hereof.

3. On the facts averred in his bill of equity, plaintiff has a full and adequate remedy at law in that: (a) Plaintiff's sole claim is for money damages and the only right of action alleged is a right of damage for breach of contract; (b) plaintiff does not ask, nor does he assert any right to any equitable relief; (c) the bill in equity does not contain any valid allegation of fraud. The alleged representation of defendant, Joseph G. Bruntrager, that he was interested in buying the premises, if untrue as averred, did not affect the rights of plaintiff and did not constitute fraud, since there is nothing in the contract alleged by plaintiff which would make it inoperative in the event of a sale to Joseph G. Bruntrager; (d) the facts alleged in the bill of equity do not constitute any conspiracy or agreement to defraud plaintiff, but, on the contrary, establish that

plaintiff's sole complaint is that defendants, and more particularly defendant, Joseph G. Bruntrager, refused to be bound by contract to which Joseph G. Bruntrager was not a party and which contract could not be valid without his joinder therein.

The single averment of plaintiff's bill relating defendants, Harry L. Ellis and Helen Greenberg, to the matter in dispute is in paragraph 9(b), which alleges that defendants knew or should have known of the agreement of agency signed by Tony W. Winter and "maliciously and fraudulently" entered into an agreement of purchase of the premises with defendants, Tony W. Winter and Joseph G. Bruntrager, to the detriment of plaintiff. It is clear that, by the terms of the agency contract upon which plaintiff relies, plaintiff could suffer no detriment by reason of the agreement between defendants, Winter and Bruntrager, and defendants, Ellis and Greenberg, as the terms of the agency contract provide a commission on a sale "by whomsoever the same may be made or effected." If the agreement of sale could not be operated to the detriment of plaintiff, it follows that there could be neither malice nor fraud in its execution. We think the use of the word fraud as applied to defendants, Ellis and Greenberg, in paragraph 9(c) of plaintiff's complaint is inaccurate and inapplicable, as there is nothing contained in the complaint to substantiate any fraud or give rise to any inference of deception or concealment on the part of defendants to plaintiff's damage. Fraud is a deception practiced to induce another to part with property or surrender some legal right. As commonly used the word implies deceit, deception, artifice, trickery: Thorne's Estate, 344 Pa. 503; Ballentine's Law Dict. Nor can paragraph 9(b) of plaintiff's bill of complaint be interpreted to allege conspiracy, since defendants, Ellis and Greenberg, had

a lawful right to buy, and even under the alleged contract, Winter and Bruntrager had a lawful right to sell the premises. The mere fact that several parties happen to exercise independent rights at or about the same time does not constitute an actionable conspiracy: Morris et ux. v. Halford et al., 352 Pa. 138, 140. Conspiracy is a combination of two or more persons, by some concerted action, to accomplish some unlawful purpose, or to accomplish some purpose not unlawful in itself by unlawful means: Ballentine's Law Dict.; Ballantine v. Cummings, 220 Pa. 621, 630. It is our opinion that plaintiff has failed to set forth a prima facie claim against defendants, Harry L. Ellis and Helen Greenberg, and, therefore, defendants' objection no. 1(*a*) must be sustained.

As to defendants' objection no. 1(*b*), that defendant Bruntrager was not a party to the alleged contract under which plaintiff's claim is based, etc.; (*c*) that the alleged contract shows that it was not executed on behalf of, in the name of, or by the said partnership, and (*d*) that the bill discloses that plaintiff knew the agreement of agency was not complete or intended to be complete without the joinder of Joseph G. Bruntrager, and that the alleged contract of agency is not a contract for the sale of the fractionable interest of defendant, Tony W. Winter, in the premises, the court is of the opinion that plaintiff's allegations are sufficient to show a cause of action against the partnership and against Bruntrager and Winter, on the basis of the exclusive agency contract signed by Winter alone.

It will be noted that in paragraph 9(*a*) of the complaint, plaintiff avers that Tony W. Winter, in the execution of the exclusive agency contract, was acting for himself and as agent for the copartnership of Winter and Bruntrager. According to recent decisions

by our appellate courts an averment in a statement of claim or bill of complaint that one person was duly authorized by another to make on behalf of the latter a contract is a statement of a material fact and not a statement of an inference or conclusion: Lynch v. Wolfinger, 163 Pa. Superior Ct. 405-06; Heather v. New Spartan Building and Loan Association, 126 Pa. Superior Ct. 245, 251; Franklin Sugar Refining Co. v. Greenberger & Co., 3 D. & C. 92. We fully agree with defendants' argument that agency cannot be established by declaration of one purporting to act in such capacity and that before plaintiff can establish a contract binding upon Bruntrager and the partnership, he must prove by sufficient competent evidence that Winter, in executing the agreement of agency with plaintiff, was duly authorized to act in behalf of the partnership, that is, that he had the required authority from his copartner, Bruntrager, to enter into a contract with plaintiff for the sale of the partnership property. It is our conclusion that plaintiff's allegation that defendant, Tony W. Winter, signed the exclusive agency contract for himself and in behalf of his copartner, Joseph G. Bruntrager, on account of their partnership, trading and doing business as Hillside Inn, is sufficient to require defendants to make answer thereto. Accordingly, for the reasons aforesaid, defendants' preliminary objections no. 1 (b), (c) and (d) must be dismissed, as must also defendants' objection no. 2.

Defendants' objection no. 3, that plaintiff has a full and adequate remedy at law, must be sustained. It is apparent that the basis of plaintiff's complaint is the alleged fraud of defendants, Winter and Bruntrager. The courts of equity are always open to cases involving elements of fraud. However, in the instant case, we fail to find any of the necessary elements of fraud

alleged in plaintiff's bill of complaint upon which a court of equity could take jurisdiction and grant plaintiff equitable relief. Plaintiff alleges that in the execution of the exclusive agency agreement defendant Winter was acting for himself and as agent for defendants' partnership of Tony W. Winter and Joseph G. Bruntrager, copartners, trading and doing business as Hillside Inn, Edgely, Bucks County, Pa. Under the terms of this agreement it was clearly contemplated that the premises might be sold through efforts other than plaintiff, because it specifically provided that a commission of five percent on the gross consideration upon its sale or exchange, by whomsoever the same may be made or effected, should be paid to plaintiff. Plaintiff averred facts which show that he presented a buyer, ready, willing and able to purchase the premises in question, for the amount agreed. Consequently, if his allegations be proved, he would be entitled to a commission of five percent upon the purchase price, according to the terms of the exclusive agency contract. As we have hereinbefore noted, one of the essential actions of actual fraud is damage to plaintiff: In re Thorne's Estate, supra, p. 503. Regardless of the conduct of defendants, Winter and Bruntrager, and defendants, Ellis and Greenberg, if the sale be consummated, plaintiff would become entitled to his commission. Therefore, no damage would result to plaintiff since a right of action would accrue against the partnership or defendants, Winter and Bruntrager, for his commission, the same as if he himself had succeeded in selling the property to his purchaser, Mr. Srogota. We agree with defendants' contention that the allegations contained in plaintiff's bill of complaint reveal a cause of action at law rather than grounds for equitable relief and, for that reason, we have sustained defendants' objection no. 3.

Under Equity Rule 49, if the only objection sustained is that plaintiff has a full, complete and adequate remedy at law, the bill should not be dismissed, but should be certified to the law side of the court for further proceeding.

It is not clear whether plaintiff is proceeding on the written or the oral contract of agency, both of which are alleged in his bill of complaint. It is essential that he proceed on one or the other and not on both. Rule 1019(h) of Rules of Civil Procedure sets forth that "a pleading shall state specifically whether any claim or defense set forth therein is based upon a writing. If so, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to him, it is sufficient so to state, together with the reason, and to set forth the substance of the writing". This court has interpreted rule 1019(h) as indicated in vol. 2, Anderson's Pennsylvania Civil Practice, p. 394, that a pleading must state specifically whether the claim or defense set forth is based on a writing. If a party sues under a contract, he must, therefore, aver whether the contract was oral or written. In order to enable plaintiff to comply with this rule and affirmatively state whether he is proceeding under written or oral contract, we will allow him to amend his complaint, if he so desires.

And now, to wit, March 12, 1951, defendants' preliminary objection no. 1 (a) is sustained; nos. 1 (b), (c), (d) and 2 are dismissed; no. 3 is sustained.

This case is certified to the law side of the court at the cost of plaintiff, for further proceedings therein agreeable to the Act of June 7, 1907, P. L. 440, 12 PS §1228 and Equity Rule 49. Leave is granted plaintiff, is he so desires, to file an amended complaint within 20 days, with particular reference to setting forth therein as to whether plaintiff is suing on a written or oral contract.